The FAJARDO SUGAR GROWERS ASSOCIATION, Plaintiff and Appellee, *v.* CENTRAL PASTO VIEJO, INC., ET AL., Defendants and Appellees.

No. 4924. Argued December 4, 1929.—Decided February 13, 1931.

*Joaquín Vendrell* for appellants.  *Arturo Aponte* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

It appears from the allegations of the complaint in this case that the plaintiff is in possession as lessee of an estate in the ward of Guayacán, municipality of Ceiba, which adjoins on its west side a property known as "Oriente plantation", occupied by the defendant, Central Pasto Viejo, Inc., under a lease since June 30, 1928; that for more than thirty years, or even from time immemorial, there was a private road six meters wide leading from the sea into the Ceiba–Naguabo public highway, through the Oriente plantation, which the plaintiff has been using and enjoying for more than twenty years for the requirements ôr service of its own plantation; that since the latter part of July, 1928, Central Pasto Viejo, Inc., and United Porto Rican Sugar Co., through their employees José Lugo and Pablo Bravo and other servants, have prevented the plaintiff from using the said road, by fencing it off with barbed wire in that part thereof adjoining the Oriente plantation. Based on the above allegations, the plaintiff prayed for a decree protecting it in the use of said road and enjoining the defendants from disturbing such use.

In their answer the defendants denied the material allegations of the complaint which were prejudicial to them, and set up that the plaintiff had been a lessee of the Oriente plantation until June 30, 1928, and in such capacity had enjoyed and used the lanes, foot-paths and roads for the transportation of fruits and materials, and that neither the

former nor the present owners of that property had at any time opened any road over it for the exclusive use of the plaintiff or anybody else.

A trial of the case was held which included a view of the premises in question, and the District Court of Humacao finally rendered a judgment in favor of plaintiff and enjoined the defendants from disturbing the plaintiff in the possession of said road. The present appeal has been taken from that judgment.

In their brief the appellants have assigned only one error, thus:

"The District Court for the Judicial District of Humacao erred in rendering judgment for the plaintiff, as such judgment is contrary to the evidence introduced and to the provisions of Act No. 43, authorizing proceedings to recover the possession of real property, as amended by the Act of November 14, 1917."

As may be noted from a casual reading of the above assignment, two questions are raised in it: One relating to the weighing of the evidence, and the other to an error of law. The practice of joining distinct questions raised in an appeal is not to be commended.

The principal contention of the appellants seems to be that the plaintiff Fajardo Sugar Growers' Association had been using the lanes and roads under a lease of the Oriente plantation, and that such lease had terminated. The plaintiff maintains that it was in possession of the road when the acts of disturbance were committed and for twenty years previously, and that it held such possession as lessee of the property in the ward of Guayacán which, according to the description thereof set out in the complaint, had an area of 150 acres (*cuerdas*) and adjoined on its west side the Oriente plantation. It was alleged by the defendants that no road had ever been opened over the Oriente plantation for the exclusive use of the plaintiff or of any other entity.

In the opinion filed by the trial court it was considered as proved that the plaintiff and its predecessors in interest

held a lease on the Oriente plantation up to July 1, 1928; that for twenty years it had occupied the said property as lessee, and that by virtue of such lease it had been during that time in the enjoyment of the road in question, ''which it maintains by draining it by means of culverts, and building bridges for laying the tracks of a railroad operated by the plaintiff for the transportation of its canes.'' It is further stated in the said opinion that:

''There is no question here as to the fact of possession, since it is admitted that such possession has been held for several years by the plaintiff and its predecessors in interest, although it is maintained that such occupancy was under a lease, which is no longer in force.''

In their brief the appellants say:

''As may be seen from the. summary we have made of the testimony given by the witnesses at the trial, the plaintiff and appellee Fajardo Sugar Growers Association, counting the time during which its predecessors in interest had been in possession of the Guayacán and Oriente estates, had held said possession as lessee until June 30, 1928, when the lease expired.

''The possession alleged by the plaintiff and appellee as regards the road in question was not the result of an independent act of said plaintiff and appellee, but it was incidental to the lease contract entered into by its predecessors in interest and afterwards existing between the plaintiff herein and the owner or owners of the Oriente plantation. As such lessee, plaintiff was of course entitled to the enjoyment of the entire property, with the reservations and limitations stipulated in the lease, and was bound in turn to deliver the whole property in the same condition in which it had received it.''

As a starting point we have, indeed, the admission of the fact of the possession, and what is questioned is the title to such possession and the extinction thereof by reason of the expiration of the lease. This is so much so that the appellants in their argument make the following point:

''If the possessory right of the plaintiff ceased with the lease term, how can we admit the continuance of this possession as a fact, since the possession of the Oriente plantation, with all its ap-

purtenances, roads, foot-paths and any kind of easement, within the property itself, had been enjoyed by the plaintiff by virtue of a lease title granted by the owner or owners of the estate?''

It clearly appears that the appellants are seeking to discuss the title to the possession. The whole argument in this respect refers to plaintiff's possession as lessee and to its termination, in consequence of the expiration of the lease. But the question at issue in these interdicts or injunctions is not one of title and the legal consequences thereof, but one of fact, and as such it must be considered in the proceeding herein. This court has repeatedly held that in proceedings of this kind it is not necessary to prove the title to the possession. Thus in *Alfaro* v. *Alonso,* 27 P.R.R. 50, it was held that it was not necessary to prove the right under which the plaintiff held possession.

There is no question that this kind of interdict was adopted from the Spanish procedural law. Under that law (Law of Civil Procedure for Cuba and Puerto Rico, section 1654), the judge was prohibited from admitting any evidence not referring to the possession or tenancy of the property, or to the acts of dispossession or disturbance charged. Section 1 of our original statute, Act. No. 43 of 1913, granted the remedy of injunction where a party showed that he had been deprived of the material possession by forcible or fraudulent acts of the adverse party. In the Act (No. 11) of November 14, 1917, similar provisions to those contained in section 1649 of the Law of Civil Procedure for Cuba and Puerto Rico have been adopted and the remedy is granted to any party, who has been *"disturbed in the possession or tenancy,"* to recover, not the title or right, but the material possession.

What is sought and obtained through these summary proceedings, wherein the title is neither discussed nor determined, is what the text-writers call "possessory protection." Every possessor is entitled to be respected in his possession; such is the rule prescribed in section 448 of the

Civil Code of Puerto Rico. A possessor is a presumptive owner, and possession involves a state of fact which must be respected by all and upheld by the law.

In dealing with interdicts, Manresa says:

"There is no doubt, therefore, that the legal as well as the natural possessor—he who has possession as owner, as well as one who holds possession otherwise than as such owner—may resort to the interdict." Manresa, Commentaries on the Civil Code, (4th ed.), vol. 4, p. 218.

The statutory law has gone further than the commentator and has authorized the use of the interdict not only by the possessor but also by the tenant of the thing. It has been so held by the Supreme Court of Spain in its judgment of April 1, 1884, in the case of *Andrés Fernández Conceiro et al.,* v. *Ignacio Conceiro.* That court said:

"Whereas, in accordance with section 724 of the Law of Civil Procedure of 1885, invoked in this appeal, the interdict to recover the possession is not only available to him who has the legal possession but also to him who has the tenancy of the thing, in other words, to him who has the actual and material possession thereof, with or without title, as clearly appears from the text of said section wherein are used the words *possession or tenancy,* which in legal phraseology have a different meaning than in ordinary language."

In *Ortiz* v. *Silva et al.,* 28 P.R.R. 357, this court held that in an injunction proceeding to recover possession no conflict of titles can be considered, for only the immediate right of possession is involved. And in *Solís* v. *Castro,* 36 P.R.R. 94, 103, it was said:

" . . . but in injunctions to retain and to recover possession the point to be settled is a question of fact and not of law and its scope is well limited."

In *Vicente* v. *Ortiz,* 38 P.R.R. 95, 99, we held:

"In view of the tendency to convert injunction proceedings for the recovery of possession into actions concerning ownership by pleading titles, submitting plans of properties and making them as

voluminous as actions in revendication, we want to say once more, as we have repeatedly held, that the only question in these injunctions is whether or not the plaintiff had the possession or material tenancy of the property in which he has been dispossessed or disturbed during the year preceding the filing of the complaint and whether there was such dispossession, and that the answer should be limited to admitting or denying the possession alleged by the plaintiff and the acts of dispossession or disturbance complained of; because the possession as a fact can not exist in two different persons at the same time, except in cases of indivisibility, and the only question to be alleged and shown and to be determined by the court is whether or not the plaintiff had possession and if he had it whether he was deprived of or disturbed in his possession thereof by the defendant. This is all that there is in these preceedings, because the question of the possessory right and that of boundaries of the respective properties is not the proper matter for these proceedings. They should be raised in plenary actions for ownership, and for this reason the litigants and the courts should limit themselves in similar litigations exclusively to possession and disturbance or dispossession.''

Such are the applicable decisions, and such is the opinion of the text-writers. The law looks upon possession as a state of fact which has in itself the germ of full ownership, or which has arisen from such ownership as the external and visible manifestation thereof. Without the guaranty provided by section 448 of our Civil Code, that the possessor is to be, not merely protected or acknowledged, but *"respected in his possession,"* there would be no justification for the recognition accorded to it in the social, economic and juridical life of peoples. Therefore, the law prescribes that possession be respected, not only the possession which contains all the necessary attributes and requisites derived from ownership, but also that possession which apparently is only the mere tenancy of the thing, with or without title. Thus, it has been said that—

''A lessee who lacks an adequate remedy at law and who is disturbed in his possession of the thing leased, may have recourse

to an injunction proceeding to prevent the repetition of the acts of disturbance . . .''

In a judgment rendered by the Supreme Court of Spain in the case of *José Parcerisa* v. *José Bonet,* under date of November 21, 1904, and published on December 4 of that year, the conclusion was reached that a lessee is entitled to an injunction to recover possession, and the court said:

''Considering also that, it having been established that every possessor, such as a tenant who has the enjoyment of a thing although the ownership thereof may be vested in another person, is entitled to be respected in his possession and, if disturbed therein, must be protected by the remedies prescribed by the procedural law, such provisions as are contained in sections 446 and 432 of the same code and section 1631 of the Law of Procedure corroborate the meaning of the right itself established in the foregoing finding.''

Essentially, that right derives from section 1560 of the Spanish Civil Code, equivalent to section 1463 of our Code, which reads as follows:

''The lessor shall not be obliged to answer for the mere fact of a trespass made by a third person in the use of the estate leased, but the lessee shall have a direct action against the trespasser.''

This does not mean that the lessor is not fully entitled to bring, if he so chooses, an injunction or any other remedy. What the code says is that ''he shall not be obliged to answer,'' thus leaving the lessee, who is a possessor, at liberty to exercise the necessary action. In view of the harmonic relation existing between the various provisions of the Civil Code, the quoted section can only be considered in the light of sections 435 and 448 of the same code.

As the lower court resolved the conflict in the evidence, weighing such evidence as a whole, we will not disturb its findings. The plaintiff produced the witnesses Luis de Celis, Francisco Cruz, W. Grager, Rafael López, Nicolás Alturet and Severiano Soto, to prove the existence of the road alleged

in the complaint; the construction, maintenance and repairing by plaintiff of concrete and wooden bridges existing on said road; its constant use by the Central itself for the passage of its laborers and vehicles, and the fencing off of the road by the defendant on July 30 to 31. Besides, an inspection of the road was made by the court. The defendant introduced oral testimony to show that no road existed, at least as such, but only a lane (*callejón*), which could be used only by permission from Mr. Sandoz, and that there were other roads in use.

In rebuttal the plaintiff introduced another witness, and a deed executed on August 5, 1910, by Pablo Sánchez, Demetria Sandoz, Luis Riefkohl and The Fajardo Development Co., which contains the following clause:

"Likewise the purchaser company binds itself to pave and maintain the road or lane lying over the place known as 'Guayacán' in such a condition that carts may travel over it."

Also, a letter from Demetria S. de Sandoz to the Fajardo Sugar Company, dated August 16, 1923, which reads as follows:

"The Fajardo Sugar Co., Fajardo, P. R. Gentlemen: I acknowledge receipt of your favor of the 9th instant, and in reference to its contents I beg to inform you that the inheritance tax receipt is in the hands of the Registrar of Humacao. As soon as it is returned to me together with the recording certificate in regard to the partition of the estate, I shall forward the same to you.

"I take advantage of this opportunity to remind you that the latest contract contains a stipulation in regard to the repairing of the Daguao road as far as my residence. Nothing has been done up to the present. You will oblige me by advising me in writing whether you intend to repair the said road. Yours very truly, (Signed) D. S. de Sandoz."

"(There is a note at the top of the letter which reads: 'Mr. Veve: Look up the contract. I think Doña Demetria is right.' J. B. A.)"

As sustaining the views above announced by us, we quote the following excerpts taken from the opinion in *Fernández* v. *González, ante* p. 719:

"Actual possession or mere holding may refer to a thing or to the enjoyment of a right, according to section 433 of the Civil Code, and for that reason the possession or enjoyment of the use of a servitude may be the subject of an injunction proceeding to recover possession. That the possession of a servitude of passage over another's land can be recovered by the injunction or interdict provided by law to recover possession has been a settled rule since 1879, when in a case (42 *Jurisprudencia Civil* 523) where it was contended that such interdict is granted against the deprivation of a thing but not of a mere right, the Supreme Court of Spain held this contention untenable as the word 'possession' included the quasi possession for the purpose of this kind of interdicts affecting corporeal things as well as a right of easement which is exercised or is the subject of a quasi possession. In the year 1881, in a decision reported in 47 *Jurisprudencia Civil* 100, where the granting of an interdict for the recovery of a servitude had been attacked, the said court held: 'That in accordance with the constant jurisprudence of the Supreme Court, resting, among other laws, on law 1, tit. 30, Partida 3, the restorative interdict lies whenever a person is deprived of property either real or personal, or of the exercise of a right; for, as questions of public policy are determined in this class of summary proceedings, one may be equally affected by being deprived violently or clandestinely of a corporeal thing which he quasi possessed.' The above decisions were cited and followed by us in Echevarría et al. v. Saurí, *supra,* where the granting of an injunction or interdict to recover the possession of a servitude of passage was sustained."

The judgment appealed from must be affirmed.

MR. JUSTICE WOLF, dissenting.

Similarly to the case of *Fernández* v. *González, ante,* p. 719, the opinion in the present case depends upon the same theory or theories that were advanced in the former case. Here, however, it seems to me the facts were, if anything, a trifle clearer inasmuch as the right to use the road apparently depended entirely upon the existence of a lease. Necessarily,

when the lease came to an end the right to the use perished and the defendants should have been allowed to prove the termination of the existence of the lease and its consequences. Otherwise my dissent in this case relies on my dissent in *Fernández* v. *González, supra.*